UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA SUE SMITH, Deceased,
By SUETTA SMITH, Personal
Representative of the Estate of
Brenda Sue Smith, Deceased,

                Plaintiff,

V

COUNTY OF LENAWEE, a Municipal Corporation
SHERIFF LAWRENCE RICHARDSON, Jr.,
SGT. PAUL DYE; SGT. J. CRAIG; OFF.
WENDY VANDERPOOL; OFF. BERNICE BAKER;
OFF. ADAM ONDROVICK; PAROLE AGENT THOMAS MOORE;
DR. JEFFREY STICKNEY, D.O.; in their individual and
official capacities.

                Defendants,
_____/

KENNETH D. FINEGOOD P36170
KENNETH D. FINEGOOD, P.L.C.
Attorney for Plaintiff
29566 Northwestern Hwy, Suite 120
Southfield, MI 48034
248-351-0608
Fax: 248-359-2997
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY

NOW COMES Plaintiff, Estate of Brenda Sue Smith, Deceased, by Suetta Smith, Personal Representative of the Estate of Brenda Sue Smith, Deceased, by and through their attorney Kenneth D. Finegood, P.L.C. and for their complaint against defendants state as follows:

1. This is an action seeking redress for the wrongs committed in violation of the

constitutional rights of plaintiff-decedent, Brenda Sue Smith, by Lenawee County, the Lenawee County Sheriff, various officers and personnel employed at the Lenawee County Jail, including state parole agent employed by the Michigan Department of Corrections and the doctor under contract by the Lenawee County pursuant to 42 USC § 1983. Said defendants acting at all relevant times under the color of state law, demonstrated deliberate indifference to the serious medical needs of plaintiff-decedent, Brenda Sue Smith, deceased, in violation of her rights under the Eighth and Fourteenth Amendments to the United States Constitution, as well as state law. The actions taken against plaintiff resulted in the wrongful death, including conscious pain and suffering, severe physical distress, emotional injury and resulting damages to those beneficiaries under the wrongful death statute, including but not limited to, mother, siblings, and children of the decedent as more particularly set forth herein. Defendants' conduct is so egregious and outrageous and intentional, that plaintiff seeks punitive damages.

2. Jurisdiction of this Court is based upon 28 U.S.C. 1331 (federal question) and 1343 (civil rights), including supplemental jurisdiction over the state claims which arise out of the nucleus of operative facts common to plaintiff's federal claims.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. 1391 as all Defendants, upon information and belief, reside in the Southern District of Michigan, and this district is where the claim arose.

4. Plaintiffs bring suit against each defendant, County of Lenawee, Sheriff Lawrence Richardson, Jr., Sgt. Paul Dye, Sgt J. Craig, Officer Wendy Vanderpool, Officer Bernice Baker, Officer Adam Ondrovick, Parole Officer Thomas Moore and Dr. Jeffrey Stickney, D.O. in both their individual and official capacities, jointly and severally.

5. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00)

dollars.

## GENERAL ALLEGATIONS

6. That on May 16, 2008, Suetta Smith was appointed Personal Representative of the Estate of Brenda Smith, Deceased by the Probate Court for the County of Washtenaw, File Number 08 472 DE.

7. That Brenda Sue Smith, Deceased was a resident of the County of Washtenaw, State of Michigan and was entitled to all rights, privileges and immunities accorded all citizens of the State of Michigan and the United States of America.

8. That plaintiff's decedent, Brenda Sue Smith, while in the care, custody and control of the Lenawee County Sheriff's Department as an inmate within the Lenawee County Jail was denied reasonable and adequate medical care, resulting in her death on April 30, 2007.

9. That defendant County of Lenawee is responsible for providing and recognizing proper treatment and services for the inmates and/or detainees at the Lenawee County Jail located in Adrian, Michigan.

10. That defendant Lenawee County, through its agents and employees, is responsible for and does in fact hire, train, supervise and instruct deputy sheriffs and correction/detention officers in all grades in the performance of their duties.

11. That defendant Sheriff Lawrence Richardson, Jr. was at all times relevant hereto the Sheriff of the Lenawee County Sheriff's Department and was the principal policy maker of the Lenawee County Sheriff Department with responsibility for training, supervising, and instructing the deputy sheriffs and other employees in the performance of their duties.

12. That the County of Lenawee is a subdivision of the State of Michigan

pursuant to the laws of the State of Michigan. One of the functions of the County of Lenawee is organize, maintain, operate, staff and supervise a sheriff's department and a county jail.

13. That upon information and belief, defendant Sheriff Lawrence Richardson, Jr. is a resident of Lenawee County and at all times relevant hereto was the elected Sheriff of Lenawee County, a statutory office of the County of Lenawee.

14. That upon information and belief, defendant Paul Dye was a resident of Lenawee County, Michigan and was at all times relevant hereto employed as a Sergeant of the Lenawee County Sheriff's Department.

15. That upon information and belief, defendant J. Craig was a resident of Lenawee County, Michigan and was at all times relevant hereto employed as a Sergeant of the Lenawee County Sheriff's Department.

16. That upon information and belief, defendant Wendy Vanderpool was a resident of Lenawee County, Michigan and was at all times relevant hereto employed as an Officer of the Lenawee County Sheriff's Department.

17. That upon information and belief, defendant Bernice Baker was a resident of Lenawee County, Michigan and was at all times relevant hereto employed as an Officer of the Lenawee County Sheriff's Department.

18. That upon information and belief, defendant Thomas Moore was a resident of Lenawee County, Michigan and was at all times relevant hereto employed as a Parole Officer for the State of Michigan and dispatched to the Lenawee County Jail at the time of plaintiff-decedent's incarceration.

19. That upon information and belief, defendant Adam Ondrovick was a resident

of Lenawee County, Michigan and was at all times relevant hereto employed as an Officer of the Lenawee County Sheriff's Department.

20. That upon information and belief, defendant James Stickney, D.O. was a resident of Lenawee County, Michigan and was at all times relevant hereto under contract with the County of Lenawee to provide medical care to the inmates of the Lenawee County Jail.

21. That plaintiff-decedent, Brenda Sue Smith was 38 years at the time of her death with two (2) minor children.

22. That on April 27, 2007 at approximately 5:15 p.m. plaintiff was booked into the Lenawee County Jail and housed as a Michigan Department of Corrections parole detainer.

23. That at the time of booking, plaintiff-decedent, Brenda Sue Smith disclosed her medical history, including high blood pressure and medications for seizure control and alcohol withdrawal.

24. That beginning, April 28, 2007, and within 24 hours of being booked into the Lenawee County Jail, plaintiff-decedent, Brenda Sue Smith began to display obvious and known symptoms of alcohol withdrawal/delirium tremens, commonly known as "DT's," including but not limited to: irrational actions and paranoid behaviors, including hearing of singing, pounding on walls and speaking to relatives that were not present, as a result of alcohol withdrawal and documented by defendant jail employees as "DT's."

25. That plaintiff-decedent, Brenda Sue Smith's mental and physical condition began to deteriorate further throughout the night of April 28, 2007 and April 29, 2007 and was of sufficient concern that defendant jail employees placed plaintiff-decedent into an observation cell.

26. That plaintiff-decedent, Brenda Sue Smith's medical condition continued to

decline throughout Sunday, April 29, 2007 and that although, Ms. Smith's behavior was documented as "becoming more irrational as the night progressed," as a result of DT's, Jail personnel only telephoned the "on call" physician, james Stickney, D.O. for the first and only time, 52 hours after being booked into the Lenawee County Jail.

27. That despite the fact that jail personnel documented the classic symptoms of Delerium Tremens (DT's), including hallucination, talking to family members, pets and bugs that were non existent in her cell, defendant employees never once conveyed plaintiff-decedent, Brenda Sue Smith to the hospital for emergency care, despite actual knowledge of decedent's serious medical need as observed by the jail employees on the monitor, while Ms. Smith convulsed and seized on the floor until she lay lifeless in her cell, before defendant employees finally decided to do something.

28. That in the morning of April 30, 2007 at approximately 9:18 a.m. defendant Parole Officer Thomas Moore, was present in the Lenawee County Jail to serve Ms. Smith with a "Notice of Parole Violations," when he observed Ms. Smith face down on the bench "loudly moaning," and after being informed by jail personnel that Ms. Smith was "incoherent," "out of it" and "didn't know who she was," at which point Parole Officer Moore decided to simply leave her, without summoning emergency help or taking any other reasonable action, in complete and deliberate indifference to plaintiff-decedent's obvious serious medical need and at at time a full two (2) hours before Ms. Smith was pronounced dead.

29. That at all relevant times, defendant Jeffrey Stickney, D.O. was under contract with the Lenawee County Sheriff Department to provide on call and off site medical care to the inmates of the Lenawee County Jail and therefore acted under color of law.

30. That Dr. Stickney was advised by telephone on April 29, 2007 at

6

approximately 9:00 p.m., by the duty sergeant of the Lenawee County Jail, Sgt. Paul Dye that Ms. Smith was exhibiting bizarre, strange and irrational behavior due to alcohol withdrawal and that despite his actual knowledge of plaintiff-decedent's serious medical need, Dr. Stickney did nothing, said conduct amounting to a deliberate indifference to serious medical need in violation of plaintiff-decedent, Brenda Sue Smith's 14th Amendment rights under the United States Constitution.

31. That the Lenawee County Sheriff's Department had at all pertinent times hereto, direct and personal knowledge that plaintiff-decedent, Brenda Sue Smith was suffering delirium temens, a well known emergency medical condition.

32. That no medical assistance or intervention was afforded Ms. Smith other than administration of medications, despite painfully obvious and deteriorating critical condition of Ms. Smith.

33. That plaintiff-decedent, Brenda Sue Smith as a direct result of the acute medical emergency condition arising out of alcohol withdrawal was unable to take food or liquid as documented by the jail personnel.

34. That plaintiff-decedent, Brenda Sue Smith was placed in a de facto solitary isolation as a direct result of her placement into observation cell, with defendants having direct personal knowledge of Ms. Smith's inability to care for herself or obtain assistance from others, which thereby caused intentional infliction of pain and suffering, loss of liberty and freedom of restraint without due process, the foregoing is in addition to the deliberate indifference to plaintiff-decedent's serious medical need.

35. That the acts and/or omissions of defendants were excessive, unnecessary,

intentional and in wanton disregard of plaintiff-decedent's constitutional right to be free from loss of basic care, including but not limited to water, food, medication and emergency medical care, the unwarranted and unconstitutional actions or omissions of defendants caused plaintiff decedent extreme physical and emotional pain and suffering, the actions were without regard to human dignity or presence in violation of the provisions of the Eighth and Fourteenth Amendments to the United States Constitution and the Americans with Disabilities Act and Michigan Persons with Disabilities Act.

36. That defendant Sheriff Lawrence Richardson, Jr., defendant Sergeants, defendant Corrections/Intake Officers, defendant Parole Officer and defendant contract jail physician in both their personal and official capacities, condoned, affirmed and acquiesced to the intentional and wanton disregard of plaintiff decedent's deteriorating serious medical need and resulting death.

37. That the policies and procedures as set forth in the Lenawee County Sheriff's Department Policy Manual pertaining to medical care of inmates is constitutionally deficient and further there are required policies which are simply absent, which have resulted in an obvious lack of adequate training and enforcement of what policy does exist.

38. That defendant Lenawee County had specific knowledge of the inadequacy of the medical care provided inmates of the Lenawee County Jail as specifically set forth by Jail Administrator Dennis Steenrod's memo to Undersheriff Gail Dotson dated April 2, 2007 only 28 days prior to plaintiff decedent's death while in the custody of the Lenawee County Jail.

39. That defendant Lenawee County had specific knowledge of the inadequacy of the medical care provided inmates of the Lenawee County Jail as specifically set forth in the allegations of plaintiff decedent Yolanda Flores, who died while in the care and custody of the

Lenawee County Jail in December 2006, only five (5) months prior to the death of Brenda Sue Smith.

40. That defendant Lenawee County had specific knowledge of the inadequacy of the medical care provided inmates of the Lenawee County Jail as specifically set forth in the allegations of plaintiff Aaron Francis Borck, who sustained serious and permanent injury while in the care and custody of the Lenawee County Jail in March of 2007, only one (1) month prior to the death of Brenda Sue Smith.

41. That as a direct and proximate result of the wrongful conduct of defendants, as alleged herein, all plaintiffs have suffered and will continue to suffer a loss of love, affection, companionship, care, protection and guidance and have suffered and will continue in the future to suffer pain, grief, sorrow, anguish, stress, shock and mental suffering.

42. That pursuant to the provisions of 42 USC §1988 plaintiffs are entitled to recover attorney fees and cost of litigation as to the causes of actions alleged under the Constitution and the laws of the United States.

43. That as a proximate cause of defendants acts and/or omissions, plaintiffs suffered the following:

    a. Reasonable medical, hospital, funeral and burial expenses;

    b. Inhumane and tortuous pain and suffering;

    c. Loss of financial support;

    d. Loss of service;

    e. Loss of gifts or other valuable gratuities;

    f. Loss of comfort, society and companionship;

    g. Compensatory damages;

      h. Punitive damages

      i. Any and all other damages including but not limited to both attorney fees recoverable under 42 USC §1983 and §1988and any and all damages otherwise recoverable under the Michigan Wrongful Death Act; MCL 600.2922.

WHEREFORE, plaintiff respectfully pray that this Honorable Court enter a judgment in their favor and against defendants, jointly and severally in an amount in to be determined by the finder of fact, including costs, interest and attorney fees as well as punitive and /or exemplary damages.

## COUNT I

## VIOLATION OF CIVIL RIGHTS PURSUANT TO THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION, 42 USC §1983, 1988 AND *MONELL V DEPT. OF SOCIAL SERVICES*–ALL DEFENDANTS

44. Plaintiffs hereby reassert and re-allege each and every allegation contained herein As if fully set forth below.

45. That acts and omissions of any actions by all defendants in their individual and official capacities under the Eighth and Fourteenth Amendments to the Constitution, and 42 USC §1983 and §1988 were all performed under the color of state law and were unreasonable and performed knowingly, wantonly, deliberately, indifferently intentionally, maliciously and with gross negligence, callousness and reckless indifference to plaintiff-decedent's well being and serious medical needs and in reckless disregard to plaintiff decedent's safety and with wanton intent for decedent Brenda Sue Smith to suffer the unnecessary and intentional infliction of pain and suffering by the failure to obtain medical treatment and failure to properly train, supervise, develop and implement policies and procedures for which plaintiffs are entitled to compensatory and punitive damages.

46. That the conduct of each defendant, County of Lenawee and all of its agents and/or employees, were acting under the color of state law when they deprived plaintff-decedent of her clearly established rights, privileges and immunities in violation of Eighth and Fourteenth Amendments of the Constitution of the United States and of 42 USC §1983 and §1988.

47. That the conduct of each defendant was pursuant to and in execution and implementation of, color of state law and officially sanctioned policies, practices, regulations or customs of defendants and each of the named defendants.

48. That defendants Sheriff Richardson and County of Lenawee exhibited deliberate indifference to plaintiff-decendent's serious medical needs through its policies, practices and customs, which was a moving force in the violation of clearly established constitutional rights, including but not limited to:

   a. Failure to train deputy sheriffs, correction officers, sergeants, intake officers, visiting parole officers and contract physicians at the Lenawee County Jail in the proper determination of medical emergencies and such omitted training was the moving force in the constitutional violations resulting in a deliberate indifference to serious medical need suffered by plaintiff-decedent and resulting in death.

   b. Failure to hire individuals whose character and personality would not pose a potential danger to the citizens of Lenawee County, inmates of the Lenawee County Jail and decedent Brenda Sue Smith.

   c. Failure to implement alcohol withdrawal protocol and other policies to determine the immediate need for medical attention by both the defendant jail personnel and contract jail physicians, including the failure to recognize the danger to an inmate experiencing delirium tremens and failure to obtain proper medical attention for a prisoner whose dire condition necessitated same.

   d. Failure to provide adequate nursing care, consisting of only 18.5 hours per week, at a time when said deficiency was documented and acknowledged by defendant Sheriff Lawrence Richardson, Jr., Jail Administrator Dennis Steenrod and Under Sheriff Gail Dotson prior to plaintiff-decedent's incarceration, and without providing weekend nursing care to the inmates of the Lenawee County Jail in general and plaintiff-decedent in particular,

11

despite knowledge of the known risks of said nursing care deficiency and based upon the National Commission on Correctional Health Care Standards fact that "alcohol withdrawal is the abstinence syndrome with the highest mortality rate" and based upon the in custody inmate death of Yolanda Flores, only five months prior to the in custody death of plaintiff-decedent, Brenda Sue Smith.

e. Failure to provide an on-site physician to the inmates of the Lenawee County Jail and instead, relying upon medically untrained corrections officers forced to make medical judgments 21.4 hours a day, all of which was a documented and known policy deficiency by the Lenawee County Sheriff which was a moving force behind the constitutional violations suffered by plaintiff-decedent, Brenda Sue Smith and resulting in her untimely death.

f. Policy and practices of the Lenawee County Jail in relying upon untrained corrections officers administering and dispensing medications to critically ill inmates without sufficient training in the seriousness of medical conditions, including alcohol withdrawal and/or delirium tremens, in order to adequately describe to contract medical providers, emergency medical situation.

g. Failure to implement policies requiring telephone contact and reasonable follow up with off site contract physicians whenever deteriorating medical conditions, including alcohol withdrawal/delerium tremens, is observed and documented.

h. Failure to train and supervise Lenawee County Jail employees, including visiting parole officers with direct inmate contact of the known dangers and risk of death to inmates suffering symptoms of alcohol withdrawal/delirium tremens as set forth by the National Commission on Correctional Health Care Standards.

i. Failure to provide intake policies for inmates experiencing alcohol withdrawal at booking and/or exhibiting symptoms of alcohol withdrawal, to be examined by qualified medical professionals either on site or at a hospital, for medical clearance prior to booking.

j. Failure of jail employees to monitor vital signs, provide doctor or nurse check or advocate for medical treatment.

k. Failure to establish approved protocols for the treatment and observation of individuals manifesting symptoms of alcohol withdrawal that are consistent with nationally accepted guidelines as set forth by the National Commission on Correctional Health Care Standards.

    l. Failure to provide detoxification under qualified physician supervision in accordance with local, state and federal laws as set forth by the National Commission on Correctional Health Care Standards.

    m. Failure to provide policies for the immediate transfer of inmates experiencing life-threatening intoxication or withdrawal symptoms to a licensed acute care facility as set forth by the National Commission on Correctional Health Care Standards.

    n. Failure to provide policies for individuals at risk for progression to more severe levels of intoxication or withdrawal, including plaintiff-decedent, with constant observation by qualified health care professionals or health trained correctional staff whenever severe withdrawal symptoms are observed, as set forth by the National Commission on Correctional Health Care Standards.

49. That defendants Dye, Craig, Vanderpool, Baker, Moore and Ondrovick, individually, all had actual and subjective knowledge of plaintiff-decedent's serious medical need as observed, documented and manifested by strange, irrational, paranoid behaviors, including abnormal neurological symptoms of tremors, delusional conduct and failure to receive hydration and nutrition all of which were classic signs and symptoms of serious medical need, of which defendants individually, exhibited deliberate indifference by a complete failure to render basic medical assistance or alternatively to summon emergency medical care over a period of approximately 106 hours.

50. That defendant James Stickney, D.O. had specific knowledge of plaintiff-decedent's serious medical need based upon verbal communication with defendant, Sgt. Paul Dye, 52 hours after her incarceration, but notwithstanding said knowledge, defendant Stickney disregarded said serious medical need by intentionally denying or delaying access to qualified medical care, amounting to an unnecessary and wanton infliction of pain and amounting to a deliberate

indifference to serious medical need, resulting in plaintiff-decedent's death, actionable as a violation of constitutional rights under federal law.

51. That plaintiff-decedent had a protected liberty interest under the Constitution including: the right to receive reasonable medical treatment for serious medical need known by individual defendants and therefore individual defendants have no qualified immunity or other immunities provided by law.

52. That as a direct and proximate result of the wrongful conduct of defendants, as alleged herein, all plaintiffs have suffered and will continue to suffer a loss of love, affection, companionship, care, protection and guidance and have suffered and will continue in the future to suffer pain, grief, sorrow, anguish, stress, shock and mental suffering.

53. That pursuant to the provisions of 42 USC §1988 plaintiffs are entitled to recover attorney fees and cost of litigation as to the causes of actions alleged under the Constitution and the laws of the United States.

54. That as a proximate cause of defendants acts and/or omissions, plaintiffs suffered the following:

    a. Reasonable medical, hospital, funeral and burial expenses;

    b. Inhumane and tortuous pain and suffering;

    c. Loss of financial support;

    d. Loss of service;

    e. Loss of gifts or other valuable gratuities;

    f. Loss of comfort, society and companionship;

    g. Compensatory damages;

    h. Punitive damages

      i. Any and all other damages including but not limited to both attorney fees recoverable under 42 USC §1983 and §1988and any and all damages otherwise recoverable under the Michigan Wrongful Death Act; MCL 600.2922.

WHEREFORE, plaintiff respectfully pray that this Honorable Court enter a judgment in their favor and against defendants, jointly and severally in an amount in to be determined by the finder of fact, including costs, interest and attorney fees as well as punitive and /or exemplary damages.

### DEMAND FOR TRIAL BY JURY IS HEREBY MADE

### COUNT II

### GROSS NEGLIGENCE

55. Plaintiff incorporates the allegations of paragraphs 1 though 52 of this Complaint as though fully set forth below.

56. At all times pertinent hereto, individual defendants, Dye, Craig, Vanderpool, Baker, Ondrovick, Moore and Stickney, owed duties to plaintiff-decedent, Brenda Sue Smith including, but not limited to, the duty:

    a. To treat plaintiff-decedent with respect and dignity as may be consistent with her health, safety and security.

    b. To avoid deprivation of plaintiff's rights, privileges or immunities secured by the Constitutions and laws of the United States and the state of Michigan without due process of law;

    c. To avoid foreseeable and unnecessary infliction of pain and suffering to plaintiff, by denying or unreasonably delaying access to qualified medical care despite knowledge of a serious and deteriorating medical condition due to alcohol withdrawal.

57. Defendants breached their duties owed, such that defendants' conduct constituted

gross negligence, amounting to a willful and/or wanton disregard for the health and safety of plaintiff, and deliberate indifference and callous disregard for the constitutional rights of plaintiff.

58. That defendants' conduct under the facts of this case are not subject to qualified immunity or other immunities granted by law.

59. That as a direct and proximate result of the wrongful conduct of defendants, as alleged herein, all plaintiffs have suffered and will continue to suffer a loss of love, affection, companionship, care, protection and guidance and have suffered and will continue in the future to suffer pain, grief, sorrow, anguish, stress, shock and mental suffering.

60. That as a proximate cause of defendants acts and/or omissions, plaintiffs suffered the following:

    a. Reasonable medical, hospital, funeral and burial expenses;

    b. Inhumane and tortuous pain and suffering;

    c. Loss of financial support;

    d. Loss of service;

    e. Loss of gifts or other valuable gratuities;

    f. Loss of comfort, society and companionship;

    g. Compensatory damages;

    h. Punitive damages/Exemplary damages

    i. Any and all other damages otherwise recoverable under the Michigan Wrongful Death Act; MCL 600.2922.

WHEREFORE, plaintiff respectfully pray that this Honorable Court enter a

judgment in their favor and against defendants, jointly and severally in an amount in to be determined by the finder of fact, including costs, interest and attorney fees as well as punitive and /or exemplary damages.

## DEMAND FOR TRIAL BY JURY IS HEREBY MADE

Respectfully submitted,

LAW OFFICE OF KENNETH D. FINEGOOD, P.L.C.,

_____
KENNETH D. FINEGOOD    P36170
Attorney for Plaintiff

Dated: February 20, 2009