UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUETTA SMITH, as Personal
Representative of the Estate of
BRENDA SUE SMITH, Deceased,

              Plaintiff,

v.

COUNTY OF LENAWEE, SHERIFF
LAWRENCE RICHARDSON, JR.,
SERGEANT PAUL DYE, SERGEANT
J. CRAIG, OFFICER WENDY
VANDERPOOL, BERNICE BAKER,
OFFICER ADAM ONDROVICK,
PAROLE AGENT THOMAS MOORE,
and JEFFREY STICKNEY, D.O.,

              Defendants,

_____/

Case No. 09-10648
Honorable David M. Lawson

## ORDER DENYING MOTION BY DEFENDANT
## THOMAS MOORE TO STAY PROCEEDINGS

Before the Court is a motion by defendant Thomas Moore for a stay of proceedings pending an interlocutory appeal. The plaintiff, personal representative Suetta Smith, filed the present action in this Court alleging that the defendants are responsible for the death of her decedent, Brenda Sue Smith, when Brenda Sue was an inmate in the Lenawee County jail. The defendants are Lenawee County, its sheriff, jail guards, a jail physician, and defendant Moore, Brenda Sue's parole officer. The complaint pleads a constitutional tort under 42 U.S.C. § 1983 and gross negligence under Michigan state law. Immediately upon being served with the complaint, Moore filed a motion for summary judgment claiming qualified immunity under federal law and governmental immunity under state law. The plaintiff responded to the motion stating that no discovery had been conducted yet, although the plaintiff did not identify with specificity what she expected to learn about Moore's

conduct or involvement.  Because the Sixth Circuit has taken the position that since the qualified immunity defense amounts to immunity not from liability but from suit, "district courts must address qualified immunity promptly," *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009), and a plaintiff cannot resist an early summary judgment motion based on qualified immunity by filing a declaration under Federal Rule of Civil Procedure 56(f) unless he identifies "with some precision the materials he hopes to obtain with further discovery," *id.* at 493 (internal quotation marks and citations omitted), the Court granted the motion for summary judgment as to the section 1983 claim. However, since governmental immunity under state law plainly is immunity from liability and not from suit, *see Walton v. City of Southfield*, 995 F.2d 1331, 1344 (6th Cir.1993), and no discovery had yet occurred in the case, the Court denied the motion without prejudice as to the state law count against Moore.

Moore now seeks to appeal the denial of his summary judgment motion solely as to the state-law claim.  And he wants to halt the proceedings in this Court while he pursues interlocutory review. After considering the relevant factors, discussed below, the Court concludes that a stay of proceedings is not appropriate.  The Court, therefore, will deny the motion for stay of proceedings.

## I.

In determining whether to issue a stay of proceedings pending appeal, the Court must consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citation omitted).  "All four factors are not prerequisites but are interconnected considerations

that must be balanced together." *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (citing *Griepentrog*, 945 F.2d at 153).

Generally, the filing of a notice of appeal from the denial of immunity divests the district court of jurisdiction of the case, *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994), or at least "over those aspects over the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, if a district court finds the appeal to be frivolous, it retains jurisdiction over the entire matter. *See Yates v. City of Cleveland*, 941 F.2d 444, 449 (6th Cir. 1991) (citing *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)).

In evaluating the first factor – the likelihood of success on the merits of the appeal – it is necessary therefore to consider whether the defendant may proceed with his interlocutory appeal at all, since 28 U.S.C. § 1291 limits jurisdiction of the court of appeals to "final decisions of the district courts of the United States." The collateral order doctrine treats as final those orders falling within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). In *Mitchell v. Forsyth*, 472 U.S. 511 (1985), the Supreme Court determined that the denial of a motion for summary judgment based on qualified immunity can fall within the collateral order doctrine and be immediately appealable, since "qualified immunity is in fact an entitlement not to stand trial under certain circumstances." *Id.* at 525. In other words, executive immunity from federal claims may be viewed as immunity from the burdens of litigation – from suit itself – not simply immunity from liability.

The concept of immunity from suit is based on the doctrine of separation of powers and arises from the recognition that executive branch officials possess "incidental powers, belonging to the executive department, which are necessarily implied from the nature of the functions, which are confided to it.  Among these, must necessarily be included the power to perform them . . . . The president cannot, therefore, be liable to arrest, imprisonment, or detention, while he is in the discharge of the duties of his office; and for this purpose his person must be deemed, in civil cases at least, to possess an official inviolability."  3 J. Story, *Commentaries on the Constitution of the United States* § 1563, pp. 418-419 (1st ed. 1833), *quoted in Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982).  This immunity protects the executive against the burdens of litigation, not just exposure to a damages judgment, because "diversion of his energies by concern with private lawsuits would raise unique risks to the effective functioning of government."  *Nixon*, 457 U.S. at 751.  Immunity for the President is absolute, *id.* at 752, as it is for judges and prosecutors, *see, e.g., Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (judge possesses absolute immunity for all judicial acts); *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976) (state prosecutors possess absolute immunity with respect to the initiation and pursuit of prosecutions).  For lower-level executive branch officials in federal and state government, qualified immunity is the norm.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known").

The nature of the immunity upon which defendant Moore bases his present appeal does not derive from these doctrines.  Instead, he challenges the plaintiff's state-law claim by invoking state-law immunity, which is a creature of statute.  *See* Mich. Comp. Laws § 691.1407; *Ross v.*

-4-

*Consumers Power Co.*, 420 Mich. 567, 604 n.18, 363 N.W.2d 641, 654 n.18 (1984) (quotation marks and citation omitted); *Reardon v. Dep't of Mental Health*, 430 Mich. 398, 411-12, 424 N.W.2d 248, 254 (1988).  It is apparent from reading the plain language of the statute that the Michigan legislature chose to grant to state officials immunity from *liability*, not immunity from *suit*.  *See* Mich. Comp. Laws § 691.1407(1) (making "a governmental agency . . . immune from tort liability"); *id.* § 691.1407(2) (stating that "each officer and employee of a governmental agency . . . is immune from tort liability"); *see also Krycinski v. Packowski*, 556 F. Supp. 2d 740, 742-44 (W.D. Mich. 2008).  Appreciating this distinction, the Sixth Circuit has held that since "the [Michigan] statute . . . discusses only immunity for governmental agencies and officers from *liability*, not from suit . . . the denial of the immunity to the . . . individual officers are not final appealable orders and therefore are not properly before us on interlocutory appeal."  *Walton*, 995 F.2d at 1344.

 *Walton*, however, has been called into question by a subsequent panel decision in *Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397 (6th Cir. 2007). In that case, the defendant sought an interlocutory appeal of the denial of a summary judgment motion based on both qualified immunity and state governmental immunity.  The *Livermore* panel observed that since *Walton* was decided, the Michigan Supreme Court amended a state procedural rule to allow a governmental defendant to appeal by right the denial of a motion to dismiss based on governmental immunity.  *Id.* at 407 (citing Mich. Ct. Rule 7.202(6)(a)(v)).  The panel then reasoned that it had jurisdiction to review both the governmental immunity issue and the qualified immunity issue on interlocutory appeal because Michigan courts treat such orders as final orders.  *See also Marvin v. City of Taylor*, 509 F.3d 234, 251 (6th Cir. 2007) (same).

If Moore's appeal involved issues of both qualified immunity and governmental immunity, *Livermore* might well control, even though the *Livermore* panel engaged in the questionable practice of overruling the decision of a prior panel, absent intervening contrary Supreme Court precedent. *See Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.") (internal quotation marks and citation omitted). But Moore has not appealed the question of qualified immunity; he could not have done so since he was not aggrieved by this Court's decision on that issue. Rather, Moore is attempting to prosecute an interlocutory appeal on a question of state law alone. The Court is not aware of a published opinion of the Sixth Circuit that would permit him to do so.

To determine whether Moore may appeal immediately the denial of his summary judgment motion on state immunity grounds, the Court "must look to state immunity law to determine if a denial of immunity based on state law is appealable." *Walton*, 995 F.2d at 1343 (citations omitted). "[T]he right to an interlocutory appeal from the denial of a claim of absolute or qualified immunity under state law can only exist where the state has extended an underlying substantive right to the defendant official to be free from the burdens of litigation arising from acts taken in the course of his duties." *Marrical v. Detroit News, Inc.*, 805 F.2d 169, 172 (6th Cir. 1986). As noted above, Michigan has not extended to its governmental officers immunity from *suit*; the statute prescribes immunity from *liability*.

The *Livermore* panel suggested that the landscape is different from the time when *Walton* was decided, solely because of a state court rule amendment. However, the command of *Walton* and

*Marrical* is to examine the *substantive* law of the state to determine the species of immunity conferred. The *substantive* law of immunity in Michigan has not changed since *Walton* was decided. As another district court has observed discussing the Michigan court rule in play here, "[s]ince 1993, when the Sixth Circuit held that Michigan substantive law did not extend to immunity from suit, *Walton*, 995 F.2d at 1344, this is the only thing that has changed with respect to state-law governmental immunity in Michigan. Rule 7.202(6)(a)(v) – promulgated by the Supreme Court, and not the legislature – did not amend section 691.1407. It could not effect a change in Michigan's substantive immunity law. Nor could it dictate a matter of federal procedure. It is simply a state procedural rule." *Krycinski*, 556 F. Supp. 2d at 743. The Michigan Supreme Court has stated that its rule-making power extends only to matters of *procedure*. *Shannon v. Cross*, 245 Mich. 220, 223, 222 N.W. 168, 169 (1928) ("A rule of court cannot enlarge or restrict jurisdiction, or abrogate or modify the substantive law.") (internal quotation marks and citations omitted). In fact, the Michigan Supreme Court has declared itself incompetent to effectuate changes in substantive law by enacting court rules. *McDougall v. Schanz*, 461 Mich. 15, 27, 597 N.W.2d 148, 154 (1999) (holding that "this Court is not authorized to enact court rules that establish, abrogate, or modify the substantive law"). Given its own declared limitations, it would be incongruous to presume that the state supreme court modified substantive immunity law by amending a court rule. The rule itself simply changed the character of an interlocutory appeal of a governmental-immunity-based denial of a summary judgment motion – which had always been appealable by leave – to an appeal by right.

-7-

The Court concludes, therefore, that there is little likelihood that the court of appeals would have jurisdiction over defendant Moore's interlocutory appeal of his state-law immunity claim in this case.

Moreover, the nature of the immunity conferred by state statute does not commend itself to inclusion within the collateral order doctrine. The requirements of that doctrine "have been distilled down to three conditions: that an order '[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.'" *Will v. Hallock*, 546 U.S. 345, 349 (2006) (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). "The [Supreme] Court also has noted that 'some particular value of a high order' must be 'marshaled in support of the interest in avoiding trial.'" *Moldowan v. City of Warren*, 578 F.3d 351, 368 (6th Cir. 2009) (citing *Will*, 546 U.S. at 352). This Court denied Moore's motion for summary judgment on the state-law claim because *no* discovery had been conducted in the case at that point. The question of state-law immunity was not conclusively determined; rather, the Court simply gave the plaintiff an opportunity to proceed with her lawsuit. *See McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th Cir. 2005) (holding that "the district court abused its discretion [by granting summary judgment] because at the time of its highly restrictive discovery order, no discovery had occurred"). Since the nature of state-law immunity is immunity from liability, Moore has no right to be shielded from the burdens of litigation, and the interests protected by immunity from suit are absent from consideration. The question of immunity from liability on the state-law claim cannot be determined until the case proceeds, since that determination is integral to the merits of the dispute. And if that

-8-

determination is adverse to Moore, he will have a full opportunity to obtain review of that decision on appeal.

The collateral order doctrine likely would not apply to Moore's interlocutory appeal of his state-law immunity claim.  Since Moore seeks an appeal over a claim that falls outside the likely jurisdiction of the court of appeals as Congress has defined it, his appeal is frivolous within the meaning of *Yates v. City of Cleveland*, 941 F.2d at 449, and this Court retains jurisdiction over the entire matter.  *Ibid.*

## II.

The other factors do not favor a stay, either.  Since the nature of Moore's state-law immunity is immunity from liability, he would not be irreparably harmed from having to defend this lawsuit. On the other hand, the delay occasioned by a stay may cause prejudice to the plaintiff, and quite possibly, to the other defendants.  *See Johnson v. Jones*, 515 U.S. 304, 309 (1995)  (noting that the disruption caused by interlocutory appeals is the primary policy underlying the general rule against piecemeal appeals).  Finally, the public interest would not be served in granting the stay, since prompt disposition of claims, especially those involving public servants, better advances the general welfare than does delay in disposition.

## III.

The Court finds that the relevant factors point toward the continuation of the lawsuit in this Court.

Accordingly, it is **ORDERED** that the defendant's motion for a stay of proceedings [dkt # 28] is **DENIED**.

s/David M. Lawson _____
DAVID M. LAWSON

-9-

United States District Judge

Dated:   November 3, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 3, 2009.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO

-10-