UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUETTA SMITH, as Personal
Representative of the Estate of
BRENDA SUE SMITH, Deceased,

                Case No. 09-10648
    Plaintiff,          Honorable David M. Lawson

COUNTY OF LENAWEE, SHERIFF
LAWRENCE RICHARDSON, JR.,
SERGEANT PAUL DYE, SERGEANT
J. CRAIG, OFFICER WENDY
VANDERPOOL, BERNICE BAKER,
MARY NEILL, OFFICER ADAM ONDROVICK,
and JEFFREY STICKNEY, D.O.,

    Defendants,
_____/

## ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO STAY PROCEEDINGS AND TO QUASH SUBPOENA FOR DEPOSITION OF COURT REPORTER SUZANNE BONAREK

The matter is before the Court on the plaintiff's emergency motion to stay proceedings pending appeal and to quash the subpoena for deposition of court reporter Suzanne Bonarek. The Court will deny the plaintiff's motion.

I.

On March 28, 2011, the Court denied motions for summary judgment by defendants Lenawee County, Eric Westgate, James Craig, Bernice Baker, Adam Ondrovick, Wendy Vanderpool, and Jeffrey Stickney. The same day, the Court denied defendant Stickney's motion *in limine* to preclude the plaintiff from offering at trial certain transcripts of recorded conversations between Stickney and jail personnel concerning the plaintiff's decedent, Brenda Sue Smith.

On April 14, 2011, the defendants served a subpoena *duces tecum* on Suzanne Bonarek, the court reporter who transcribed the conversations between Stickney and jail personnel, requiring her

to appear for a deposition on May 4, 2011. The plaintiff moved to quash the subpoena, and on April 20, 2011, the Court denied the plaintiff's motion to quash subpoena for deposition of court reporter Suzanne Bonarek. Later that day, defendants Lenawee County, Paul Dye, James Craig, Wendy Vanderpool, Bernice Baker, Adam Ondrovick, and Eric Westgate filed a notice of appeal challenging the Court's denial of their motions for summary judgment based on state governmental immunity and federal qualified immunity and on the lack of evidence supporting municipal liability. Although the Court has not stayed the proceedings pending appeal, the case has lain dormant since April 20, 2011.

In early May 2012, the defendants asked plaintiff's counsel to provide dates on which Bonarek could be deposed before June 1, 2012, the date of oral argument for the defendants' appeal. Plaintiff's counsel asserts that he objected on the ground that it was inappropriate to conduct the deposition while the appeal was pending because the requested deposition bore directly on the subject of the appeal. The defendants forged ahead and scheduled Bonarek's deposition for May 25, 2012. The defendants served Bonarek with a subpoena *duces tecum* on May 17, 2012.

The plaintiff filed the present "emergency" motion the day before the deposition was scheduled to occur despite having been served with notice of the deposition on May 17, 2012.

II.

A.

Generally, "[t]he denial of a motion for summary judgment on ground of qualified immunity is an appealable order," and "[a] proper notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals," *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994), at least "over those aspects over the case involved in the appeal." *Griggs v. Provident*

*Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). A district court retains jurisdiction to proceed with matters that are in aid of the appeal. *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). "The distinction, although sometimes blurred, is between actions that merely aid the appellate process and actions that alter the case on appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003); 16A Charles Alan Wright *et al.*, Federal Practice and Procedure § 3949.1 (4th ed.) ("An interlocutory appeal ordinarily suspends the power of the district court to modify the order subject to appeal, but does not oust district-court jurisdiction to continue with proceedings that do not threaten the orderly disposition of the interlocutory appeal.").

The Court must determine whether adjudication of the plaintiff's motion to stay proceedings and quash subpoena would alter the case on appeal. A motion to stay proceedings does not alter the case on appeal; rather, it preserves the status quo. *See Sims Varner & Assocs., Inc. v. Blanchard*, 794 F.2d 1123, 1128 (6th Cir. 1986); *see also* Fed. R. App. P. 8. The Court also believes that the motion to quash subpoena does not alter the case on appeal because the court of appeals "does not consider, for the first time on appeal, documents and transcripts that were not made a part of the record before the district court below." *Barrow v. United States*, 455 F. App'x 631, 635 n.1 (6th Cir. Jan. 10, 2012) (citing Fed. R. App. P. 10(a); *United States v. O'Dell*, 805 F.2d 637, 643-44 (6th Cir. 1986)). Bonaker's depositions testimony was not considered by this Court in its ruling on the motions for summary judgment. Even if the Court's jurisdiction were in question, the Court has

authority under Federal Rule of Civil Procedure 62.1 to deny a motion for relief. Therefore, the Court will consider the plaintiff's request.

B.

In determining whether to issue a stay of proceedings pending appeal, the Court must consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citation omitted). "All four factors are not prerequisites but are interconnected considerations that must be balanced together." *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (citing *Griepentrog*, 945 F.2d at 153).

The matter has been stayed effectively since the defendants filed their notice of appeal. The Court believes that the plaintiff's request is nothing more than an attempt to delay Bonaker's deposition, which the Court will not allow. The Court already denied the plaintiff's first attempt to prevent Bonaker from being deposed, and the plaintiff has not provided a valid legal argument for delaying the deposition further.

The timing of the deposition is suspect, especially because oral argument on the appeal is upcoming, and it is likely that more time will lapse before the case returns to this Court. Moreover, as noted, the deposition ought not to be part of the appeal since the information was not before this Court when it adjudicated the motions for summary judgment. *O'Dell*, 805 F.2d at 643-44. Nonetheless, there is no good reason to interfere with the parties' ultimate trial preparation, and thus no basis exists to quash a subpoena of a witness who may have relevant information.

III.

The plaintiff has failed to demonstrate that she warrants the relief requested.

Accordingly, it is **ORDERED** that the plaintiff's emergency motion to stay proceedings and quash subpoena [dkt. #150] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 25, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 25, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL