UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUETTA SMITH, as Personal
Representative of the Estate of
BRENDA SUE SMITH, Deceased,

                              Case Number 09-10648
      Plaintiff,             Honorable David M. Lawson

COUNTY OF LENAWEE, SERGEANT
J. CRAIG, OFFICER WENDY
VANDERPOOL, and JEFFREY
STICKNEY, D.O.,

      Defendants,
_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE

This matter came before the Court on the plaintiff's motion to approve a settlement. The plaintiff alleged that the deceased Brenda Sue Smith died while in custody at the Lenawee County Jail due to the deliberate indifference of the defendants to her progressive and ultimately fatal medical distress caused by severe alcohol withdrawal. Plaintiff Suetta Smith, the personal representative of the deceased's estate, sought permission to settle the matter and agree to a dismissal of the action. Because the estate includes the interest of the deceased's minor child, the Court appointed Brian J. Casey as guardian *ad litem* to advise the Court whether the settlement is fair and the distribution of the settlement funds appropriate. On September 11, 2013, Mr. Casey filed his report, in which he concluded that the settlement in this case is fair, adequate, and in the minor's best interest. Mr. Casey also states that the costs expended by the plaintiffs' attorneys were reasonable and necessary to prosecute the action, and the proposed attorney fee to be paid from the settlement proceeds is in an amount that corresponds to the fee agreement and otherwise is reasonable.

The minor child lives with his father and step-mother in Riverview, Michigan. The portion of the settlement proceeds to be distributed to the minor will be tendered to a conservator appointed by the appropriate Michigan probate court, and no distributions will occur until the conservatorship has been established. Alternatively, the defendants may pay a portion of the settlement into an annuity for the benefit of the minor child. In any event, there will be no distribution until further order of the Court. After considering the terms of the settlement and the recommendation of the guardian *ad litem*, the Court finds that the settlement is in the best interests of the minor child. The terms are reasonable to all interested parties. The settlement is adequate and fair.

Accordingly, it is **ORDERED** that the plaintiff's motion to approve the settlement [dkt. #191] is **GRANTED IN PART** and the settlement in the amount of $1,230,000 is **APPROVED**. The following fees and expenses are approved:

| | | | |
|---|---|---|---:|
| a. | Payable to Kenneth D. Finegood, PLC for costs expended: | $ | 30,126.18 |
| b. | Payable to Brian J. Casey, guardian *ad litem*, for fees: | $ | 1,800.00 |
| c. | Payable to Kenneth D. Finegood, PLC as an attorney fee: | $ | 399,357.94 |
| d. | Payable to Katherine Smith for burial expenses: | $ | 1,900.00 |
| e. | Payable to Charles Smith for burial expenses: | $ | 5,826.20 |

It is further **ORDERED** that the net proceeds of $790,989.68 shall not be distributed until further order of the Court.

It is further **ORDERED** that counsel for the plaintiff shall pay the guardian *ad litem* his fee of $1,800 forthwith.

It is further **ORDERED** that the defendants shall not tender any settlement funds to the plaintiff or her attorney until further order of the Court.

It is further **ORDERED** that plaintiff Suetta Smith, for herself and as personal representative of the estate of Brenda Sue Smith, deceased, is hereby authorized and empowered to settle and compromise any and all claims and potential claims arising out of the plaintiff's allegations against the defendants.

It is further **ORDERED** that plaintiff Suetta Smith is authorized and empowered to execute and deliver any and all agreements and releases to accomplish the full, final, and complete settlement and satisfaction of all claims on behalf of herself and as personal representative of the estate of Brenda Sue Smith, deceased, and discharge all liability of the defendants except as set forth in this order; and to lodge those executed documents with her attorney, who shall tender them to the defendants upon receipt of the settlement proceeds.

It is further **ORDERED** that plaintiff Suetta Smith shall, pursuant to Mich. Comp. Laws § 600.2922 *et seq.*, file a motion with this Court forthwith for distribution of the net settlement proceeds.

It is further **ORDERED** that no distribution of the settlement proceeds may occur until a conservatorship has been established for the benefit of B.J.S., a minor, and a conservator has been duly appointed and qualified by the appropriate probate court in the state of Michigan.

It is further **ORDERED** that the matter is **DISMISSED WITH PREJUDICE**. However, the Court shall retain jurisdiction to enforce the terms of the settlement and approve the distribution of the settlement proceeds.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: September 13, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2013.

                                        s/Shawntel Jackson
                                        SHAWNTEL JACKSON